MALDONADO, PLAINTIFF AND APPELLANT, *v.* RAMOS ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action of
Ejectment.

No. 1473.—Decided July 7, 1916.

POSSESSORY TITLE—GOOD FAITH—JUST TITLE—PRESCRIPTION.—A possessory title
established under the proceedings prescribed by the Mortgage Law is recorded
in the registry without prejudice to third persons who have better rights
to the property, and one who takes title from the person so appearing in
the registry as owner does so subject to later proof of the better right of
a third person, but he incurs such risk only during the time his rights
have not been validated by prescription. When ten years as to persons
present and twenty years as to persons absent have elapsed, the title of a
purchaser in good faith is superior to that of any other subsequent claimant.

ID.—PRESCRIPTION—GOOD FAITH—THIRD PERSON.—It was shown in the present
case that D. D. y F. brought possessory title proceedings in the proper court
on April 15, 1898, to establish his possession as owner of the property claimed
by the plaintiff; that the court approved the possessory title on August
28, 1898, and it was recorded in the registry of property on September 29,
1898; that on September 3, 1898, D. D. y F.·executed a public deed of sale
of the property to P. A., which was recorded in the registry; that P. A.
continued in the quiet and public possession of the property in good faith
and sold the same later, or in 1914, to the defendants. *Held:* That the
defendants might successfully plead prescription, as they did, in a suit in
ejectment brought against them by a person who had never absented himself
from Porto Rico.

The facts are stated in the opinion.

*Mr. R. Martínez Nadal* for the appellant.

*Messrs. José* and *Manuel Tous Soto* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of ejectment. In her complaint María
Loreto Maldonado Colón alleged that she was the owner of
a certain rural property of 25 *cuerdas* of land by inheritance
from her father, Bruno Maldonado, and that the defendants
were in possession of the same unlawfully. In their answer
the defendants denied certain allegations of the complaint,
alleged as new matter that Bruno Maldonado had sold the
said property in 1888 and pleaded prescription as a special
defense.

Documentary and oral evidence was introduced by both parties at the trial and on December 3, 1915, the court rendered judgment in favor of the defendants. From that judgment the plaintiff took the present appeal.

The evidence was contradictory regarding the sale of the property by the father of the plaintiff to Dionisio Durán. Some of the witnesses testified that the said sale was made and others that Bruno Maldonado only leased his property. From the statement of the case and the opinion of the trial court it appears that the conflict was not decided expressly, the court having based its judgment on the special defense set up by the defendants.

It was shown in effect at the trial that on April 15, 1898, Dionisio Durán y Figueroa brought a proceeding in the now extinct court of first instance of Ponce to prove the possession of a certain rural property of 25 *cuerdas* situated at a place known as "Seto" in the ward of Montes Llanos of the municipal district of Ponce, or the identical property claimed by the plaintiff as belonging to her. By an order of August 28, 1898, the court approved the possessory title proceeding and it was recorded in the registry of property on September 29 of the same year. By a public instrument of September 3, 1898, Dionisio Durán sold the property to Pedro Auffant, reserving the right to repurchase the same, and according to an entry made in the registry on December 19, 1902, the sale was consummated. Auffant was in possession of the property publicly, peacefully, in good faith and by virtue of the said title by purchase, and sold the property by public deed to the defendants in 1914, the sale having been recorded in the registry of property on June 18, 1914. Neither the plaintiff nor her predecessor in title, Bruno Maldonado, was ever absent from the Island of Porto Rico. The action of ejectment was brought on June 1, 1915.

There is absolutely no question as to the good faith of Auffant and the time he was in possession of the property which he sold to the defendants, but the appellant contends

that the title by which Auffant acquired the property is not the "just title" required by law in order to acquire title by prescription. The appellant's contention has been decided against him by this court in the case of *Teillard* v. *Teillard et al.*, 18 P. R. R. 546, cited by the trial court.

Auffant did not purchase from a person who had been in possession of the property merely, but from one who in a possessory title proceeding prosecuted according to law had proved his possession as owner. Since 1898 the possession of the property, whether in good or bad faith, had been approved by the court and recorded in the registry in favor of Dionisio Durán. Acting in good faith and taking title from one who was not only in material possession of the property as owner, but who had established that fact according to law, Auffant entered into possession in the said year and remained in possession for sixteen years, or until 1914, when he sold the property to the defendants.

According to section 1853 of the Civil Code, a just title is understood to be one which legally suffices to transfer the ownership or property right the prescription of which is in question, and in our opinion the title held by Durán when he sold the property to Auffant was apparently a just title sufficient to transfer the ownership of the property sold.

It will be urged that possession in such circumstances is recorded without prejudice to third persons having better rights. This is so in fact and all who take title from persons holding possessory titles acquired by virtue of the proceeding prescribed by the Mortgage Law subject themselves to the risk that a third person having a better right to the property may appear later. But such risk is incurred only during the time that the rights of the purchaser are not validated by prescription. When ten years have expired as to persons present and twenty years as to persons absent, a purchaser who has acted in good faith has a title superior to that of any other person who may appear. Sections 1858 and 1859 of the Civil Code.

In view of the foregoing and without entering upon a discussion of the exceptions taken by the plaintiff to the evidence at the trial, which are unimportant, we are of the opinion that the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.